IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

AMARILLO DIVISION

_____

| | | |
|---|---|---|
| KENNETH EUGENE LOVEJOY, PRO SE, | § | |
| A.K.A. KENNETH EUGENE WEITZEL, II, | § | |
| TDCJ-CID No. 1353411 | § | |
| Previous TDCJ-CID No. 1116597 | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:05-CV-0333 |
| | § | |
| STATE OF TEXAS, | § | |
| LEE WATERS, | § | |
| District Judge of 223rd Judicial District Court, | § | |
| LYNN SWITZER, | § | |
| District Attorney of Gray County, Texas, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff KENNETH EUGENE LOVEJOY, a.k.a. KENNETH EUGENE

WEITZEL, II, acting pro se and while a prisoner confined in the Gray County Jail, has filed suit

pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced

defendants and was granted permission to proceed *in forma pauperis*.

Plaintiff complains that he was arrested on February 4, 2005 and detained on

information provided by defendant SWITZER, without ever being indicted. Plaintiff claims that,

as of the date he filed this complaint, he was confined three hundred and twenty days without an

indictment. Plaintiff states he filed a writ of habeas corpus in defendant Judge WATERS' court

on December 15, 2006, and, as of December 20, 2005, no relief had been granted.

Plaintiff requests an immediate grant of his writ of habeas corpus and

$1,000,000.00 in monetary relief for mental anguish, loss of wages, and unlawful imprisonment.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee

of a governmental entity, the Court must evaluate the complaint and dismiss it without service of

process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to

state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is

immune from such relief.  28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2).  The same standards will

support dismissal of a suit brought under any federal law by a prisoner confined in any jail,

prison, or other correctional facility, where such suit concerns prison conditions.  42 U.S.C.

1997e(c)(1).  A *Spears* hearing need not be conducted for every *pro se* complaint.  *Wilson v.

Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The District Judge has reviewed the facts alleged by plaintiff to determine if his

claim presents grounds for dismissal or should proceed to answer by defendants.

---

[1]A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2]*Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing.  A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

**THE LAW AND ANALYSIS**

Plaintiff's request for an immediate grant of his writ of habeas corpus is construed to be a request for immediate release and must first be pursued through habeas corpus with its attendant requirement of exhaustion of state remedies. *Keenan v. Bennett*, 613 F.2d 127, 128-29 (5th Cir. 1980); *Alexander v. Ware*, 714 F.2d 416, 418-19 (5th Cir. 1983). Plaintiff cannot utilize section 1983 to avoid the exhaustion requirement of habeas corpus.

The Court notes plaintiff filed suit only six days after submitting his writ of habeas corpus to defendant Judge WATERS and that Texas statutes provide for detention upon an information. Art. 320.01 Tex. C.C.P. Plaintiff has explicitly stated he was held pursuant to an information. Further, Texas law provides a pre-trial writ of habeas corpus may not be utilized to test the sufficiency of a complaint, information, or indictment. *Ex parte Smith*, 178 S.W.3d 797 (Tex. Crim. App. 2005).

Nevertheless, assuming there is a valid basis for plaintiff's writ of habeas corpus, abstention is appropriate in this case. Abstention under *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746 (1971) "is generally deemed appropriate [when] assumption of jurisdiction by a federal court would interfere with pending state proceedings, whether of a criminal, civil, or even administrative character." *Louisiana Debating and Literary Ass'n v. City of New Orleans*, 42 F.3d 1483, 1489 (5th Cir.)(citing *Word of Faith World Outreach Center Church*, Inc. V. Morales, 986 F.2d 962, 966 (5th Cir.), *cert. denied*, 510 U.S. 823, 114 S.Ct. 82 (1993)), *cert. denied*, 515 U.S. 1145, 115 S.Ct. 2583 (1995). Three factors must be present to justify application of the doctrine: (1) the state proceedings must constitute an ongoing state judicial proceeding; (2) the

3

state proceedings must implicate important state interests; and (3) there must be an adequate

opportunity in the state proceedings to raise constitutional challenges. *Id*. at 1490 (internal

quotations and citations omitted).  Regarding the first factor, plaintiff clearly alleges he has filed

a habeas action which is pending before a Texas state district court.  Concerning the second

factor, the conditions under which a citizen may be incarcerated is recognized as an important

state interest.  The last factor is that there must be an opportunity in the state proceedings to raise

constitutional challenges, and habeas corpus is a classic vehicle for such claims.  Plaintiff has not

demonstrated that he will not have an opportunity to be heard on any constitutional challenge in

the state court.  Accordingly, dismissal of plaintiff's claims for an immediate grant of his habeas

action is appropriate pursuant to the *Younger* doctrine.

Judges enjoy absolute immunity for judicial  acts performed in judicial

proceedings.  *Pierson v. Ray*, 386 U.S. 547, 553-54, 87 S.Ct. 1213, 1217-18, 18 L.Ed.2d 288

(1967).  Plaintiff has alleged no act by defendant WATERS which does not fall within the scope

of acts protected by absolute immunity.  Consequently, plaintiff's claim against defendant

WATERS lacks an arguable basis in law and is frivolous.  *Neitzke v. Williams*, 490 U.S. 319, 109

S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Prosecutors enjoy the same absolute immunity under § 1983 enjoyed under the

common law.  *Imbler v. Pachtman*, 424 U.S. 409, 427, 96 S.Ct. 984, 993, 47 L.Ed.2d 128

(1976).  This immunity leaves a genuinely wronged defendant without civil redress against a

prosecutor whose malicious or dishonest action deprives him of liberty.  *Id*.  Plaintiff has alleged

no act or omission by defendant SWITZER which falls outside the scope of prosecutorial

4

immunity; and plaintiff's claim against this defendant also lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Lastly, to the extent plaintiff is attempting to state any kind of claim against the STATE OF TEXAS, the Eleventh Amendment has been interpreted by the Supreme Court to bar suits by individuals against non-consenting states. *Bd. of Trs. of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 363, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001); *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65-66, 109 S.Ct. 2304, 2309, 105 L.Ed.2d 45 (1989).  Consequently, plaintiff's claim against the STATE OF TEXAS is barred by the Eleventh Amendment and, thus, lacks an arguable basis in law and is frivolous.  *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1), the Civil Rights Claim filed pursuant to Title 42, United States Code, Section 1983, by plaintiff KENNETH EUGENE LOVEJOY, a.k.a. KENNETH EUGENE WEITZEL, II, be DISMISSED WITH PREJUDICE AS FRIVOLOUS and PURSUANT TO THE *YOUNGER* ABSTENTION DOCTRINE.  *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746 (1971).

Any claims sounding in habeas corpus are DISMISSED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

A copy of this Order shall be mailed to plaintiff and to any attorney of record by first class mail.  The Clerk shall also mail copies of this Order of Dismissal to TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, TX  78711; and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

All pending motions are DENIED.

IT IS SO ORDERED.

ENTERED this __28th__ day of April, 2006.

/s/ Mary Lou Robinson
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE